E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-968-GHK (JEMx) | | Date | February 27, 2012 |
|---|---|---|---|---|
| Title | *J.P. Morgan Mortgage Acquisition Corp. v. Ruzanna Shamoyan, et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order Remanding Case**

On February 9, 2012, we ordered Defendants Ruzanna Shamoyan and Nubar Nalbandyan ("Defendants") to show cause ("OSC") why the above-captioned action should not be remanded to state court based on this Court's lack of subject matter jurisdiction.  Our OSC stated that there does not appear to be diversity jurisdiction in this unlawful detainer action.  We also stated that there did not appear to be federal question jurisdiction, as the state court Complaint asserted only a single claim for unlawful detainer, which arises under state law.

Defendants responded to our OSC on February 23, 2012 ("Response") by filing an "Opposition to U.S. District Court's/Plaintiffs' Motion to Remand."  Defendants' Response is largely incomprehensible.  But, loosely construed, Defendants appear to make the following arguments: First, we should decline to remand this action because Plaintiff J.P. Morgan Mortgage Acquisition Corp.'s ("Plaintiff") objection to removal was untimely.  (Response 6).  Second, we should permit removal notwithstanding any deficiencies in Defendants' Notice of Removal ("NOR") because Defendants appear pro se and should be held to less stringent standards.  (*Id.* at 2).  Third, Defendants intend to assert federal claims against Plaintiff, such as a claim under RICO, and Plaintiff's conduct was unlawful under federal laws, such as the Sarbanes-Oxley Act or the Truth in Lending Act.  (*Id.* at 5, 12).  Fourth, Plaintiff's claims are completely preempted by federal law.  (*Id.* at 11).  Fifth, adjudication of Plaintiff's claims will require resolution of substantial, disputed issues of federal law.  (*Id.*).  Sixth, Plaintiff entered into a mortgage fraud settlement with the United States by Executive Order of the President. (*Id.*).  The remainder of Defendants' Response appears to argue the merits of their dispute with Plaintiff. Because we must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), we disregard Defendants' merits-related arguments for purposes of determining whether we have subject matter jurisdiction over this action.

We find Defendants' arguments to be frivolous and meritless.  We will briefly address each. First, Defendants' argument regarding Plaintiff's untimely objection to removal in this case is irrelevant and nonsensical.  Plaintiff has not filed any motion to remand this case – we *sua sponte* questioned subject matter jurisdiction in our February 9, 2012 Order.  Nor is timeliness pertinent to whether we

E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-968-GHK (JEMx) | Date | February 27, 2012 |
|---|---|---|---|

| Title | *J.P. Morgan Mortgage Acquisition Corp. v. Ruzanna Shamoyan, et al.* |
|---|---|

have subject matter jurisdiction over this action, as objections to subject matter jurisdiction may be raised at any time.  Second, even though pro se litigants are held to less stringent *pleading* standards than are represented parties, Defendants have filed no pleadings in this action.  Moreover, subject matter jurisdiction addresses our constitutional authority to hear a case – leniency toward pro se parties cannot create subject matter jurisdiction where there is none.

Third, "[f]ederal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated."  *K2 Am. Corp. V. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).  As such, any RICO claims that Defendants intend to assert against Plaintiff, and any defenses that Defendants intend to employ under Sarbanes-Oxley or the Truth in Lending Act, do not confer federal jurisdiction over a Complaint that asserts only one claim arising under state law.  Fourth, complete preemption is a rarity, and Defendants do not even identify the federal statute that purportedly completely preempts Plaintiff's unlawful detainer claim, let alone provide any authority stating that such a claim is preempted under any law.  To the contrary, numerous cases have held that unlawful detainer claims are not completely preempted by federal statutes.  *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Hammond*, No. CV 11-00867 GAF (OPx), 2011 WL 2516498, at *2 (C.D. Cal. June 22, 2011); *BDA Inv. Props. LLC v. Sosa*, No. CV 11–03684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011) (concluding that "the complete preemption doctrine does not warrant removal in the present [unlawful detainer] action").

Fifth, Defendants have not demonstrated that there is any "actually disputed and substantial" federal issue involved in Plaintiff's unlawful detainer action claim.  "[T]he 'mere need to apply federal law in a state-law claim' does not 'suffice to open the 'arising under' door' to federal question."  *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153, at *2 (N.D. Cal. Apr. 18, 2011) (quoting *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Manuf.*, 545 U.S. 308, 313 (2005)); *see also Melton v. Suntrust Bank*, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011) ("As the Supreme Court has admonished 'it takes more than a federal element to open the arising under door.'" (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006))).  Accordingly, no federal jurisdiction exists on this basis.  *See Harmin Invs., LP No. 109 v. Mansoori*, No. C11-06141 HRL, 2012 WL 441144 (N.D. Cal. Jan. 18, 2012) (remanding action because the plaintiff's complaint, which "alleges only a cuase of action for unlawful detainer under California law . . . does not depend on resolution of any substantial issues of federal law").

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Defendants have not established that we have subject matter jurisdiction over this action.  Accordingly, we **hereby REMAND** this case to the state court from which it was removed.

**IT IS SO ORDERED.**

--      :      --

Initials of Deputy Clerk      Bea